IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SHAKEERA ROBINSON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 3:25-cv-2340-L-BT |
| | § | |
| THE CITY OF TERRELL, TEXAS, et al., | § | |
| | § | |
| Defendants. | § | |

**FINDINGS CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is Defendant the City of Terrell, Texas's Rule 12(b)(6) Motion to Dismiss (ECF No. 27). For the reasons explained, the District Judge should **GRANT** Defendant's Motion and **DISMISS** Plaintiff's municipal-liability claims against the City, subject to one final opportunity to amend. The District Judge also should **DISMISS** Plaintiff's claims against the City of Terrell Police Department.

## Background

This lawsuit arises out of Plaintiff's encounter with Terrell police officers on July 27, 2025. *See* Am. Compl. 2 (ECF No. 24). Plaintiff alleges that at around 3:40 A.M., Officer Melton, "arrived at a private property where Plaintiff was present," and approached Plaintiff "regarding an alleged noise-ordinance violation," which she asserts was a "minor, non-arrestable municipal infraction under Texas law." *Id*. at 3.

Plaintiff alleges that Officer Melton demanded her identification without "stating a reasonable, articulable suspicion or probable cause," even though she was "neither under arrest nor suspected of a crime." *Id.* Plaintiff asserts that she simply "inquir[ed] about the necessity of providing identification," and "posed no threat or resistance" to Officer Melton. *Id.* Nevertheless, Plaintiff alleges, Officer Melton "physically seized Plaintiff by grabbing [her] wrist tightly," and "'arrest[ed] her for failing to ID.'" *Id.* Plaintiff further alleges that she suffered "nerve damage to [her] wrist," which required surgery, as well as "mental health issues" as a result of Officer Melton's use of force. *Id.* Finally, Plaintiff alleges that Officer Melton's "body-worn camera was not activated" during the encounter. *See id.*

Based on these alleged facts, Plaintiff asserts a claim against the City of Terrell and the Terrell Police Department (Terrell PD) for "Failure to Train, Supervise, and Discipline (Monell Liability)." *See id.* The City moves to dismiss that claim under Rule 12(b)(6) arguing that Plaintiff has failed to state a municipal liability claim under *Monell*.

## Legal Standards

To withstand a Rule 12(b)(6) motion, a complaint must plead sufficient factual matter to state a claim for relief that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible when the well-pleaded facts permit the Court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the plausibility standard does not require detailed factual allegations, it demands

more than labels, conclusions, or a formulaic recitation of the elements of a cause of action. *Twombly*, 550 U.S. at 555; *Iqbal*, 556 U.S. at 678–79. Legal conclusions may provide the framework of a complaint, but they must be supported by factual allegations. *Iqbal*, 556 U.S. at 679. When the facts alleged permit no more than the mere possibility of misconduct, the complaint does not show that the plaintiff is plausibly entitled to relief. *Id.* at 678.

In applying this standard, the Court accepts all well-pleaded facts as true and views them in the light most favorable to the plaintiff. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007). Review is limited to the complaint, documents attached to the complaint, and documents attached to the motion to dismiss that are central to the claim and referenced in the complaint. *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010); *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999).

Pro se complaints are construed liberally, but pro se litigants must still comply with the governing rules and must plead sufficient facts that, when liberally construed, state a plausible claim for relief. *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002); *E.E.O.C. v. Simbaki, Ltd.*, 767 F.3d 475, 484 (5th Cir. 2014).

## Analysis

A. As a preliminary matter, Plaintiff's Motion For Leave to File a Sur-Reply (ECF No. 40) is DENIED.

Plaintiff seeks leave to file a sur-reply to "clarify and explain the factual content of her First Amended Complaint" and to address the City's argument that she pleaded only conclusory labels. *See* Mot. Leave ¶ 5 (ECF No. 40). Neither the Federal Rules of Civil Procedure nor this Court's local rules authorize sur-replies as a matter of right. *See Corbello v. Sedgwick Claims Mgmt. Servs., Inc.*, 856 F. Supp. 2d 868, 890 (N.D. Tex. 2012); N.D. Tex. L.R. 7.1. Courts in this district permit sur-replies only in exceptional or extraordinary circumstances, and they are otherwise highly disfavored. *See Lacher v. West*, 147 F. Supp. 2d 538, 539–40 (N.D. Tex. 2001); *Robles v. Eminent Med. Ctr., LLC*, 619 F. Supp. 3d 609, 627–28 (N.D. Tex. 2022).

Plaintiff identifies no exceptional circumstances warranting a sur-reply. At this stage, the Court's review is confined to the complaint and documents properly considered under Rule 12(b)(6). *See Lone Star Fund V (U.S.)*, 594 F.3d at 387. Plaintiff may not "clarify" or "explain" her allegations by adding factual content through a sur-reply; nor may she file a sur-reply simply to obtain the last word. *See Robles,* 619 F. Supp. 3d at 627. To the extent the City's reply raises new arguments, the Court declines to rely on them. *See Georgia Firefighters' Pension Fund v. Anadarko Petroleum Corp.*, 99 F.4th 770, 774 (5th Cir. 2024). Accordingly, Plaintiff's motion for leave to file a sur-reply (ECF No. 40) is DENIED.

B. The District Judge should grant Defendant's motion because Plaintiff's Amended Complaint does not plausibly allege facts establishing a claim against the City of Terrell.

Section 1983 provides a civil cause of action against any "person" who violates an individual's rights under the U.S. Constitution and federal law. *See* 42 U.S.C. § 1983 (emphasis added). A municipality, such as the City of Terrell, is a "person" subject to liability under § 1983 only if municipal employees inflicted the deprivation of a constitutional right pursuant to an official policy or custom. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 685, 690 (1978); *see also Piotrowski v. City of Houston*, 237 F.3d 567, 579 (5th Cir. 2001). Thus, to plausibly allege a § 1983 claim against a municipality, a plaintiff must identify an official policy or custom, of which a policymaker can be charged with actual or constructive knowledge, and a constitutional violation whose 'moving force' is that policy or custom. *Valle v. City of Houston*, 613 F.3d 536, 541–42 (5th Cir. 2010) (quoting *Pineda v. City of Houston*, 291 F.3d 325, 328 (5th Cir. 2002)). Isolated unconstitutional actions by municipal employees will almost never trigger municipal liability. *Piotrowski*, 237 F.3d at 578. And a municipality cannot be held liable simply on the theory of *respondeat superior*. *Monell*, 436 U.S. at 691.

With respect to the first element of a municipal liability claim, "[a]n official policy can be found in two forms":

1. A policy statement, ordinance, regulation, or decision that is officially adopted and promulgated by the municipality's lawmaking officers or by an official to whom the lawmakers have delegated policy-making authority; or

> 2. A persistent, widespread practice of city officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well settled as to constitute a custom that fairly represents municipal policy.

*Burge v. St. Tammany Par.*, 336 F.3d 363, 369 (5th Cir. 2003) (quoting *Bennett v. City of Slidell*, 735 F.2d 861, 862 (5th Cir. 1984) (per curiam)). But "[t]o proceed beyond the pleading stage, a complaint's 'description of a policy or custom and its relationship to the underlying constitutional violation . . . cannot be conclusory; it must contain specific facts." *Pena v. City of Rio Grande City*, 879 F.3d 613, 622 (5th Cir. 2018) (quoting *Spiller v. City of Texas City, Police Dep't*, 130 F.3d 162, 167 (5th Cir. 1997)).

Plaintiff's Amended Complaint does not identify any official written policy promulgated by a City policy maker. And to the extent Plaintiff relies on an alleged custom or widespread practice, her Amended Complaint does not allege facts showing a pattern of unconstitutional conduct. *See Zarnow v. City of Wichita Falls, Tex.*, 614 F.3d 161, 169 (5th Cir. 2010). To plead a custom or widespread practice, Plaintiff must plausibly allege, in more than conclusory terms, constitutional violations that occurred in cases other than her own. *See Pena*, 879 F.3d at 622 ("To plausibly plead a practice so persistent and widespread as to practically have the force of law, . . . a plaintiff must do more than describe the incident that gave rise to his injury."). As the Fifth Circuit has explained, "to find a municipality liable for a policy based on a pattern, that pattern 'must have occurred for so long or so frequently that the course of conduct warrants the attribution to

the governing body of knowledge that the objectionable conduct is the expected, accepted practice of city employees.'" *Davidson v. City of Stafford, Texas*, 848 F.3d 384, 396 (5th Cir. 2017), *as revised* (Mar. 31, 2017) (quoting *Peterson v. City of Fort Worth, Tex.*, 588 F.3d 838, 850 (5th Cir. 2009)). "A pattern requires similarity, specificity, and sufficiently numerous prior incidents." *Id.* "Isolated violations are not the persistent, often repeated, constant violations that constitute custom and policy as required for municipal section 1983 liability." *Piotrowski*, 237 F.3d at 581.

Because Plaintiff has not plausibly alleged, beyond conclusory allegations, that the alleged unconstitutional conduct here has occurred in cases other than her own, she has failed to satisfy this burden.[1] *See Brown v. City of Dallas*, 2024 WL 5320559, at *3 (N.D. Tex. Dec. 31, 2024) (Rutherford, J.) *rec. adopted*, 2025 WL 82535 (N.D. Tex. Jan. 13, 2025) (Boyle, J.) (finding that plaintiff failed to state a claim under *Monell* when his complaint was "limited to allegations of excessive force used against him" because he did not "identif[y] any official written policy or widespread custom or practice in his complaint," and he did not "plead[] a pattern with the requisite specificity, similarity, or numerosity").

[1] Because the Court's review is limited to the pleadings, *Lone Star Fund V (U.S.)*, 594 F.3d at 387, the Court does not consider any additional factual allegations contained in Plaintiff's "Sworn Declaration in Support of Monell Claim," submitted with her Response, *see* Resp. 6–13 (ECF No. 36). As discussed below, the undersigned recommends that Plaintiff be permitted to amend her complaint and thus she may, if she chooses, include this additional information, and any other facts, in her amended pleading.

Furthermore, Plaintiff has not sufficiently identified any City policymaker, or pleaded facts from which the Court could infer that any municipal policy or custom was the "moving force" of the alleged constitutional deprivation. Accordingly, Plaintiff's Amended Complaint fails to state a claim for municipal liability against the City.

Plaintiff alleges that the City of Terrell failed to train, supervise, and discipline its officers and that it "maintained and permitted customs, policies or practices that demonstrated deliberate indifference to the constitutional rights of individuals with whom its officers come into contact." Am. Compl. at 5. Plaintiff alleges "[t]hese customs and policies included . . .

> (i) the failure to adequately train and supervise officers concerning the lawful parameters of detention and the permissible use of force in response to minor, non-arrestable offenses;
>
> (ii) the failure to enforce requirements for body-worn camera activation and comprehensive record-keeping during citizen encounters involving use of force; and
>
> (iii) the failure to maintain accurate and truthful reporting systems for documenting such incidents.

Am. Compl. at 5. But these allegations are conclusory and lack specific facts necessary to state a claim under § 1983. *See generally* Am. Compl.

In limited circumstances, a city's failure to train, supervise, or discipline employees "may rise to the level of an official government policy for purposes of § 1983." *See Connick v. Thompson*, 563 U.S. 51, 61 (2011). But to plead a plausible failure-to-train, -supervise, or -discipline claim, Plaintiff must allege facts that

allow the Court to draw the reasonable inference that (1) the City failed to train, supervise, or discipline the officer involved; (2) there is a causal connection between the alleged failure to train, supervise, or discipline and the alleged violation of Plaintiff's rights; and (3) the failure to train, supervise, or discipline constituted deliberate indifference to Plaintiff's constitutional rights. *Peña v. City of Rio Grande City*, 879 F.3d 613, 621–23 (5th Cir. 2018). Alleging deliberate indifference generally requires a pattern of similar violations arising from a policy so clearly inadequate as to be obviously likely to result in a constitutional violation. *Vess v. City of Dallas*, 608 F. Supp. 3d 434, 455 (N.D. Tex. 2022). "A pattern of similar constitutional violations by untrained employees is ordinarily necessary to demonstrate deliberate indifference," because "[w]ithout notice that a course of training is deficient in a particular respect, decisionmakers can hardly be said to have deliberately chosen a training program that will cause violations of constitutional rights." *Connick*, 563 U.S. at 62.

Because Plaintiff does not plausibly allege specific facts establishing any of these elements, her complaint fails to state a plausible failure-to-train, -supervise, or -discipline claim. Plaintiff alleges no facts from which the Court could infer that any training procedures were inadequate or that the City was deliberately indifferent to the need for proper training, supervision, or discipline. And Plaintiff fails to allege a pattern of similar violations arising from an obviously inadequate policy. *See Kitchen v. Dallas Cnty., Tex.*, 759 F.3d 468, 484 (5th Cir. 2014) (*quoting Sanders–Burns v. City of Plano*, 594 F.3d 366, 381 (5th Cir. 2010)). Thus,

Plaintiff's pleading does not allow the Court to draw the reasonable inference that what allegedly happened in this case was anything more than an isolated incident.

To be sure, courts recognize a narrow single-incident theory of deliberate indifference, but only if the specific injury suffered is a "patently obvious" or "highly predictable" result of inadequate training. *Connick*, 563 U.S. at 64. Plaintiff does not assert this exception applies. But even if she had, the facts underlying Plaintiff's claim are not comparable to those where Courts have applied the single-incident exception. *See, e.g.*, *Speck v. Wiginton*, 606 F. App'x 733, 736–37 (5th Cir. 2015). And Plaintiff offers no case law indicating that the exception should be applied here. Thus, the Amended Complaint fails to plausibly allege that this incident would fall within the single-incident exception.

C. <u>The District Judge should dismiss the Terrell PD because it is a non-jural entity.</u>

The capacity of an entity to sue or be sued "shall be determined by the law of the state in which the district court is held." *Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313 (5th Cir. 1991) (quoting Fed. R. Civ. P. 17(b)). Under Texas law, entities lacking a separate jural existence—such as municipal police departments—are not subject to suit. *See Cole v. Terrell Police Dep't*, No. 3:14-CV-0782-G, 2014 WL 1724753, at *2 (N.D. Tex. Apr. 30, 2014) (Stickney, J.), *rec. adopted*, 2014 WL 1724753 (Fish, J.) (holding that the Terrell PD is a non-jural entity under § 1983).

Plaintiff does not allege that the Terrell PD is a separate legal entity with jural authority or that it has been granted the capacity to sue or be sued. Because

the Terrell PD lacks a separate jural existence, and therefore lacks the capacity to be sued, *see Darby*, 939 F.2d at 314, the District Judge should sua sponte dismiss Plaintiff's claims against the Terrell PD with prejudice.

D. The District Judge should permit Plaintiff one final opportunity to plead her best case.

Leave to amend is "entrusted to the sound discretion of the district court," *Quintanilla v. Texas Television Inc.*, 139 F.3d 494, 499 (5th Cir. 1998), and Rule 15(a)(2) directs courts to grant leave "when justice so requires." *See* Fed. R. Civ. P. 15(a)(2); *Lyn-Lea Travel Corp. v. Am. Airlines, Inc.*, 283 F.3d 282, 286 (5th Cir. 2002) (noting Rule 15's "bias in favor of granting leave to amend"). But leave is not automatic and may be denied where amendment would be futile. *See Morgan v. Chapman*, 969 F.3d 238, 248 (5th Cir. 2020) (citing *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004)). A court may deny leave when defects are incurable, or the plaintiff has already alleged her best case. *Pierce v. Hearne Indep. Sch. Dist.*, 600 F. App'x 194, 200 (5th Cir. 2015) (per curiam).

Plaintiff requests leave to amend as an alternative to dismissal. *See* Resp. 13. Because the Fifth Circuit generally affords pro se litigants multiple opportunities to state a viable claim, the District Judge should permit Plaintiff to amend her complaint with respect to her claims against the City of Terrell.

## Recommendation

For the reasons stated, the District Judge should **GRANT** Defendant City of Terrell's motion to dismiss but allow Plaintiff an opportunity to file an amended complaint that states a plausible municipal-liability claim against the City. If Plaintiff does not file an amended complaint within the time for filing objections to this report and recommendation (within 14 days after being served with a copy of this report and recommendation, as explained below), the District Judge should **DISMISS** Plaintiff's claims with prejudice under Rule 12(b)(6). Additionally, the District Judge should **DISMISS** the claims against the Terrell Police Department with prejudice, as the Terrell PD is a non-jural entity that lacks the capacity to be sued.

**SO RECOMMENDED**.

September 4, 2026.

REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE**
**AND NOTICE OF RIGHT TO OBJECT/APPEAL**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).