IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **SHAKEERA ROBINSON,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. **3:25-CV-2340-L-BT** |
| | § | |
| **FNU MELTON, THE CITY OF TERRELL, TEXAS, and TERRELL POLICE DEPARTMENT,** | § | |
| | § | |
| | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**

On September 4, 2026, the Findings, Conclusions, and Recommendation of the United States Magistrate Judge ("Report") (Doc. 46) was entered, recommending that the court grant Defendant City of Terrell's ("the City") Motion to Dismiss ("Motion") (Doc. 27) and dismiss Plaintiff's claims against the City without prejudice, dismiss with prejudice Defendant Terrell Police Department ("the TPD"), and allow Plaintiff Shakeera Robinson ("Plaintiff" or "Ms. Robinson") leave to file a second amended complaint. On September 11, 2026, the City filed Objections to the Report (Doc. 50). Plaintiff did not respond to the City's Objections. For the reasons set forth below, the court **accepts** the Report as herein modified, **grants** the City's Motion, **dismisses without prejudice** Plaintiff's claims against the City and the TPD as a party, and **grants** Plaintiff **leave to amend** her pleadings by **October 21, 2026**.

**I. The City's Motion to Dismiss**

Ms. Robinson asserts a claim against the City for failure to train, supervise, and discipline. Doc. 24. The magistrate judge determined that Plaintiff did not plausibly allege facts that

established a 42 U.S.C. § 1983 claim against the City. *See Monell v. Department of Soc. Services of City of New York*, 436 U.S. 658, 690 (1978). The court **agrees.**

To plausibly allege a section 1983 claim, Plaintiff must set forth facts that taken as true identify "(1) an official policy (or custom), of which (2) a policymaker can be charged with actual or constructive knowledge, and (3) a constitutional violation whose 'moving force' is that policy or custom." *Pineda v. City of Houston,* 291 F.3d 325, 328 (5th Cir.2002) (citing *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir.2001). The allegations, however, cannot be conclusive, they must contain specific facts. *Pena v. City of Rio Grande City*, 879 F.3d 613, 622 (5th Cir. 2018). As noted by the magistrate judge, Plaintiff's Amended Complaint (Doc. 5). is devoid of specific factual allegations that establish a written policy promogulated by a City policymaker or a pattern of unconstitutional actions that has become a widespread practice such that it constitutes a custom or policy. *See Burge v. St. Tammany Par*., 336 F.3d 363, 369 (5th Cir. 2003) (explaining the two ways in which a section 1983 deprivation of rights claim creates municipal liability); *Zarnow v. City of Wichita Falls, Tex*., 614 F.3d 161, 169 (5th Cir. 2010).

Plaintiff alleges that the City failed to enforce requirements for body-worn camera activation and comprehensive record keeping during citizen encounters involving use of force. Doc. 24. She also contends that the City failed to maintain accurate and truthful reporting systems for documenting incidents. *Id*. The only specific facts in Plaintiff's Amended Complaint are regarding the single incident between her and Defendant Officer Melton, and that is not enough to set forth a plausible section 1983 claim. *Piotrowski*, 237 F.3d at 578 (an "isolated unconstitutional action will almost never trigger municipal liability."). Plaintiff's Amended Complaint does not plausibly allege a constitutional violation whose moving force was an official policy or custom of the City, nor does it plausibly allege a widespread practice. *See Pena*, 879 F.3d at 622. Therefore,

the court **grants** the City's Motion and **dismisses without prejudice** Plaintiff's Amended Complaint against the City.

### II. Terrell Police Department

The court agrees that the TPD should be dismissed as a party because it is a non-jural entity, which means that it is a department or division of the City of Terrell. *See Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313 (5th Cir. 1991). Plaintiff does not allege that the TPD is a separate legal entity, nor does she allege that the TPD has been authorized to sue or be sued. As such, her claims against the TPD fail as a matter of law because it is a non-jural entity. The court, however, dismisses it **without prejudice** because Plaintiff is being given another opportunity to amend her pleadings to correct this deficiency by setting forth sufficient factual allegations that the TPD has jural existence.

### III. Amendment of Pleadings

The court has concerns whether Plaintiff can amend in such a way to show that the TPD has jural existence; however, since she is pro se the court will allow her one last chance to amend. The magistrate judge recommended that Plaintiff be permitted to amend her pleadings one final time. The provision of Rule 15(a)(2) of the Federal Rules of Civil Procedure that states "[t]he court should freely give leave when justice so requires" is not without limitation. The decision to allow amendment of a party's pleadings is within the sound discretion of the district court. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Norman v. Apache Corp.*, 19 F.3d 1017, 1021 (5th Cir. 1994) (citation omitted). In determining whether to allow an amendment of the pleadings, a court considers the following: "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Foman,*

371 U.S. at 182; *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 566 (5th Cir. 2003) (citation omitted).

When a plaintiff has previously amended her pleadings, "[a]t some point, a court must decide that a plaintiff has had fair opportunity to make [her] case; if, after that time, a cause of action has not been established, the court should finally dismiss the suit." *Jacquez v. Procunier*, 801 F.2d 789, 792 (5th Cir. 1986); *see also Schiller*, 342 F.3d at 567 (citation omitted). In this case, the magistrate judge permitted Plaintiff leave to file an Amended Complaint prior to the City filing any responsive pleadings. Moreover, there has not been repeated failure on Plaintiff's part to cure deficiencies previously identified by the court. Plaintiff also requests leave to amend in her response to the City's Motion. Doc. 36 at 13. The City objects to Plaintiff being permitted to amend her pleadings and argues that any amendment would be futile and cause the City to incur additional litigation costs. Doc. 50 at 3. The court **disagrees**.

Because the Fifth Circuit generally allows pro se litigants multiple opportunities to amend their pleadings, the City's objections are **overruled**, and the court will permit Plaintiff one additional opportunity to state a plausible claim. The City suffers no legal prejudice because it will have the opportunity to file another dispositive motion to the amended pleading. Moreover, no scheduling order has been issued by the court. The scheduling order sets, among other things, pretrial deadlines for amending pleadings, joining parties, filing various motions, and submitting documents and exhibits that the parties intend to use at trial. Once a scheduling order is entered, a court must use the more stringent standard of good cause to amend as required by Federal Rule of Civil Procedure 16(b)(4), as opposed to the more liberal standard set forth in Rule 15(a). Under these circumstances, justice requires that Plaintiff be allowed an opportunity to plead consistent with the law as set forth in the Report and the court's order.

## IV. Conclusion

Having considered the Motion, the pleadings, the file, record, the City's Objections, and the Report, the court determines that the findings and conclusions of the magistrate judge are correct and **accepts** them, as modified, as those of the court. The court, therefore, **grants** the City's Motion, **dismisses without prejudice** Plaintiff's Amended Complaint against the City and the TPD as a party. In keeping with Supreme Court and Fifth Circuit precedent the court will allow Plaintiff leave to amend her pleadings. There is no indication that she cannot, or is unwilling to, cure the pleading defects the court has identified. Accordingly, Plaintiff is permitted to file an amended pleading no later than **October 21, 2026**. If she fails to cure the pleading deficiencies identified by the court by this date with respect to the City and the TPD, her action against these Defendants is subject to dismissal **with prejudice** pursuant to Federal Rule of Civil Procedure 12(b)(6), or **without prejudice** pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute and comply with a court order.

**It is so ordered** this 30th day of September, 2026.

Sam A. Lindsay
United States District Judge